NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 16 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FELIPE DE JESUS ESPINOZA
JUAREZ; PATRICIA ESMERALDA
CRUZ ALFARO; D.D.J.E.C.; A.P.E.C.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-4402

Agency Nos.
A220-604-592
A220-955-433
A220-955-434
A220-955-435

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 24, 2025
Seattle, Washington

Before: McKEOWN and OWENS, Circuit Judges, and KENDALL, District Judge.**

Felipe de Jesus Espinoza Juarez ("Espinoza Juarez"); his spouse, Patricia

Esmeralda Cruz Alfaro ("Cruz Alfaro"); and their two minor children (collectively,

"Petitioners"), natives and citizens of El Salvador, appeal the Board of Immigration

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

Appeals' ("BIA") decision upholding an Immigration Judge's ("IJ") denial of their applications for asylum and withholding of removal.[1]

We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition for review. Generally, our review is limited to the BIA's decision and reasoning. *Antonyan v. Holder*, 642 F.3d 1250, 1254 (9th Cir. 2011). When the BIA adopts the IJ's reasoning as its own, however, we may look to the reasoning offered in the IJ's decision as well. *Szonyi v. Barr*, 942 F.3d 874, 897 (9th Cir. 2019). We assume the parties' familiarity with the facts and do not recount them here.

1. The agency's determination that Petitioners failed to establish past persecution or an objectively reasonable fear of future persecution was sound. The evidence, which includes a prolonged period of self-isolation, one instance of physical harm, and indirect threats of violence, falls short of establishing that Petitioners suffered past persecution—an "extreme concept" that does not include all "circumstances that cause petitioners physical discomfort or loss of liberty[.]" *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (quoting *Mihalev v. Ashcroft*, 388 F.3d 722, 729 (9th Cir. 2004)).[2]

---

[1] The BIA also denied Petitioners' claim for protection under the Convention Against Torture, but Petitioners do not challenge that decision here.

[2] "[T]he the standard of review for past persecution is currently unsettled" in the Ninth Circuit. *Antonio v. Garland*, 58 F.4th 1067, 1072 n.8 (9th Cir. 2023). We need not determine whether we review the question de novo or for substantial evidence here because Petitioners have not shown their harm rose to the level of past

We decline to disturb the IJ's finding, which the BIA adopted, that MS-13 was not necessarily responsible for the single physical attack Espinoza Juarez suffered. The IJ's determination was not based on "conjecture and speculation," as Petitioners suggest, but rather Espinoza Juarez's own testimony that the attack occurred in a dark alley, he never saw his attackers, and he only heard them shout three words—"There he goes"—before being struck with a rock. This evidence is insufficient to confirm that MS-13 was responsible for the attack. The IJ's decision to reject Espinoza Juarez's view of the evidence was therefore reasonable. *See Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

Espinoza Juarez was never threatened directly, and the men that monitored his home and whereabouts never so much as exited their vehicles. While the years Petitioners spent in a form of isolation were undoubtedly difficult, Espinoza Juarez continued to regularly leave his home for work and church, and no one ever attempted to enter the family's home or otherwise confront Espinoza Juarez, his wife, or their two children directly. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (observing that an extended period during which an applicant is not harmed and does

---

persecution under either standard. *See Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022).

not flee supports an agency's finding of no past persecution).

Nor have the Petitioners demonstrated that their fear of future persecution was "objectively reasonable," a showing that requires "credible, direct, and specific evidence that the petitioner faces an individualized risk of persecution[.]" *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (cleaned up). Not only did Petitioners remain in El Salvador for four years after the initial run-in with MS-13 in 2017, but they stayed for six months following the single physical attack in this case. This long history is devoid of any direct confrontations with MS-13, undercutting the notion that Petitioners' alleged persecutors had the will to make good on their indirect threats of violence. This, in turn, undermines the notion that Petitioners have an objectively reasonable fear of individualized future persecution.

The BIA's past persecution and well-founded fear of future persecution determinations are dispositive of Petitioners' asylum claims. Accordingly, the BIA's erroneous consideration of whether Petitioners belonged to a cognizable social group, and whether any harm they encountered bore a nexus to that group, was harmless.

2. Because Petitioners' asylum arguments fail, so too do their arguments related to the BIA's determinations of their eligibility for humanitarian relief and withholding of removal. *Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020) ("An applicant who fails to satisfy the lower standard for asylum necessarily fails to

satisfy the more demanding standard for withholding of removal, which involves showing by a 'clear probability' that the petitioner's life or freedom would be threatened in the proposed country of removal."); *Singh v. Whitaker*, 914 F.3d 654, 661–62 (9th Cir. 2019) (observing humanitarian asylum is only available if an applicant has suffered particularly atrocious past persecution or shown that he will suffer severe harm upon removal).

3. We discern no error in the agency's decision to consider the Petitioners' claims with principal reliance on Espinoza Juarez's testimony, as opposed to individually assessing each application. Cruz Alfaro's and the two minor children's applications rely on the same facts and narrative presented in Espinoza Juarez's application and reflected in his testimony before the IJ. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). In any event, the IJ explicitly considered the riders' applications and determined they were immaterial to the adjudication of the Petitioners' claims. We agree, and a review of the BIA decision demonstrates that the BIA did as well.

**PETITION DENIED.**